**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

502 CORTLAND ROAD, LLC,

                              Plaintiff,                    3:24-cv-1018
                                           (ECC/ML)

v.

ALPINA INVESTMENTS, INC., TIMBER
CREEK REINSURANCE, INC., JOHN J.
MCMANUS, ESQ., JOHN J. MCMANUS &
ASSOCIATES, P.C., DENNIS NEYLAND,
SETH ESCHEN, MOHAN TORAMALL, and
ANTHONY-LYNN KIRKLAND,

                              Defendants.

---

Jason H. Ehrenberg, Esq., *for Plaintiff*
Scott Iseman, Esq., *for Defendants Neyland, Kirkland, and Timber Creek Reinsurance, Inc.*
Thomas G. Rantas, Esq., *for Defendants McManus and John J. McManus & Associates, P.C.*
Seth Eschen, *Defendant pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff 502 Cortland Road, LLC brought this action against eight defendants alleging claims under the civil remedies portion of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), and New York contract and tort law. *See generally* Dkt. No. 15 (Amended Complaint). By Memorandum-Decision and Order dated September 29, 2025, the Court granted the motion of Timber Creek Reinsurance, Inc., Dennis Neyland, and Anthony-Lynn Kirkland (collectively, the Insurance Defendants) to compel arbitration, and stayed this action pending the completion of arbitration. Dkt. No. 70.

On June 7, 2026, Plaintiff filed a Notice of Voluntary Dismissal dismissing its claims against the Insurance Defendants, with prejudice, pursuant to Federal Rule of Civil Procedure

41(a)(1). Dkt. No. 71. The Court thereafter lifted the stay of this action. Dkt. No. 72. The Court now considers Plaintiff's motions for default judgment against defendants Alpina Investments, Inc. (Alpina) and Mohan Toramall. Dkt. Nos. 52, 56. For the following reasons, Plaintiff's motions are denied without prejudice to renew.

## I.    BACKGROUND

### A.    Plaintiff's Allegations[1]

Plaintiff, a "New York limited liability company," "intends to transform a 17-acre property into an innovative and energy-efficient agricultural facility for lease." Dkt. No. 15 ¶¶ 1, 13. "To accomplish this goal, Plaintiff sought $5 million funding, in consideration of which, $1 million would be invested as capital by its parent company . . . as a bridge loan." *Id.* at ¶ 13. Plaintiff and Alpina, a private lender domiciled in Canada, entered into a Private Debt Financing & Investment Master Agreement dated August 8, 2023 (the Financing Agreement). *Id.* at ¶¶ 2, 17; Dkt. No. 15-1. Pursuant to the Financing Agreement, Plaintiff "agreed to deposit" $1 million into an escrow account managed by John J. McManus & Associates, P.C. as a "condition precedent to receiving" $5 million from Alpina. Dkt. No. 15 ¶ 20.[2] Prior to signing the Financing Agreement, Plaintiff had been in contact with Toramall, then "Head of Operations – Board Liaison Manager – Director of NY" for Alpina. *Id.* at ¶ 18. Toramall "assured Plaintiff during the course of numerous phone calls, texts and emails that Alpina was a financially stable company" and would be able to quickly fund Plaintiff and that Plaintiff's $1 million deposit "would remain in escrow until after [Alpina]

---

[1] The following facts are drawn from the Amended Complaint and are accepted as true for the purposes of this motion. Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

[2] Although Plaintiff repeatedly alleges that it was to receive $5 million from Alpina, the Financing Agreement requires Alpina to disburse a total of $4 million to Plaintiff. *See* Dkt. No. 15-1 at 3, 4.

provided the requisite funding to Plaintiff." *Id.* at ¶ 19.

Plaintiff deposited $1 million into the escrow account held by John J. McManus & Associates, P.C. *Id.* at ¶ 22. Alpina "never provided Plaintiff with funding for any of the loan," *id.* at ¶ 36(f), which under the terms of the Financing Agreement entitled Plaintiff to a return of its escrow deposit, *id.* at ¶¶ 27-28. Plaintiff alleges that the McManus Defendants directed that this escrow deposit be sent to Defendant and Nassau County attorney Seth Eschen and then directed Eschen to wire the proceeds overseas, all while assuring Plaintiff the money would be returned. *Id.* at ¶ 35.

### B.     Procedural Background

Plaintiff commenced this action by filing a complaint on August 19, 2024, Dkt. No. 1, and filed the Amended Complaint on December 16, 2024, Dkt. No. 15. Alpina was served on January 15, 2025 via personal service on its general counsel. Dkt. Nos. 24, 29. Toramall was served by personal delivery on February 10, 2025. Dkt. No. 40. Upon Plaintiff's request, the Clerk entered default against Alpina on March 14, 2025 and against Toramall on March 25, 2025. Dkt. Nos. 46, 50. Plaintiff thereafter moved for default judgment against these two defendants. Dkt. Nos. 52, 56.

As noted above, Plaintiff voluntarily discontinued its claims against the Insurance Defendants. Dkt. No. 71. Defendants John J. McManus, John J. McManus & Associates, P.C. (together, the McManus Defendants), and Seth Eschen (collectively, the Litigating Defendants) have appeared and answered the Amended Complaint. Dkt. Nos. 35, 42. The McManus Defendants assert a crossclaim against all other Defendants. Dkt. No. 35.

## II.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the

Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Considering the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. "The decision whether to enter default judgment is committed to the district court's discretion . . . ." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Doe v. Rees*, No. 24-cv-274 (MAD/ML), 2025 WL 834786, at *4 (N.D.N.Y. Mar. 17, 2025) (quoting *LaBarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

4

## III.    DISCUSSION

As against both Alpina and Toramall, Plaintiff asserts civil RICO, RICO conspiracy, unjust enrichment, and fraud/fraudulent misrepresentation claims. Dkt. No. 15 (Counts I, II, V, VI).[3] Plaintiff also asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with contract against Alpina. *See id.* (Counts III, VII, VIII).

As an initial matter, it is unclear on what counts or theories of liability Plaintiff seeks a default judgment against Alpina and Toramall. Based on the requested relief in counsel's affirmations in support of the two motions for default judgment, which are nearly identical, it appears that Plaintiff is seeking judgment on its claims for a civil RICO violation, RICO conspiracy, and breach of contract. *See* Dkt. No. 52-1 at 2-3; Dkt. No. 56-1 at 2-3.[4] Plaintiff does not explain, however, how its allegations make out these causes of action as a matter of law against *each* defaulting defendant.

Further, entering a default judgment against Alpina or Toramall at this time risks directly inconsistent judgments. The Supreme Court has held that "a default judgment that creates an 'incongruity' with a judgment on the merits is 'unseemly and absurd, as well as unauthorized by law.'" *Henry v. Oluwole*, 108 F.4th 45, 54 (2d Cir. 2024) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). *Frow* therefore "prohibits directly inconsistent judgments." *Moore v. Booth*, 122 F.4th 61, 67 (2d Cir. 2024) (citation omitted). This principle "is not limited to cases of joint liability" but applies "when the defendants are 'similarly situated' or have 'closely related defenses.'" *Id.* In such circumstances, therefore, "if an action against the answering defendants is

---

[3] These claims are also asserted against the Litigating Defendants.

[4] Although Plaintiff's motion for default judgment against Toramall seeks damages of at least $1 million "for Plaintiff's contractual" [sic], Dkt. No. 52-1 at 3, Plaintiff does not assert a breach of contract claim against Toramall or allege that Toramall is a party to the Financing Agreement.

decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* (citation omitted).

Here, although the Litigating Defendants may have their own defenses, it appears that Alpina and Toramall are similarly situated to and have closely related defenses as the Litigating Defendants. For example, the McManus Defendants asserted as a defense in their answer that Plaintiff's "claims are barred because it breached the terms of agreements related to the underlying transaction." Dkt. No. 35 at 17. If the McManus Defendants were to prove that Plaintiff first materially breached the Financing Agreement, it may be the case that Plaintiff's claims against Alpina and Toramall necessarily fail. Similarly, the Litigating Defendants could prove that there was no "enterprise" as required for Plaintiff's RICO claim, which would then necessarily fail against Alpina and Toramall as well. *See, e.g.*, *Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 199 (E.D.N.Y. 2022) (listing the elements of a civil RICO claim).

In addition, deferring on the motions for default judgment against Alpina and Toramall will not cause Plaintiff meaningful prejudice. Even if the Court were to grant Plaintiff's request for a default judgment as to *liability* now, the determination of damages could not be decided until after liability is decided for the other defendants. *See Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 162-63 (N.D.N.Y. 2020) ("Without a damages calculation to accompany the liability determination, no final judgment could be entered in [Plaintiffs'] favor, and there could be no enforceable judgment that [they] could attempt to collect.") (quoting *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019)). Furthermore, granting the default judgment now would "not assist [Plaintiff] in litigating the case against" the Litigating Defendants because a default judgment against Alpina and

Toramall would have "no collateral estoppel effect against the non-defaulting Defendants." *Id.* (quoting *Lemache*, 354 F. Supp. 3d at 155).

Finally, the Court notes that neither of Plaintiff's motions sufficiently sets forth an evidentiary basis on which the Court could determine damages to a reasonable certainty. Although the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Rather, a court must ensure that there is an evidentiary basis for the damages a plaintiff seeks before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Here, for example, Plaintiff has not provided an evidentiary (or legal) basis for its request that it recover duplicate damages for its civil RICO claim and the RICO conspiracy claim, its request for punitive damages, or its request for attorneys' fees. *See, e.g.*, *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While punitive damages are recoverable, it is evident that their amount cannot be fixed without an evidentiary hearing."); *see also Allstate Ins. Co. v. Abramov*, No. 16-cv-1465, 2019 WL 1177854, at *4 n.15 (E.D.N.Y. Feb. 21, 2019) ("In RICO cases, when a plaintiff settles with one defendant, the non-settling defendants are entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the non-settling defendants as long as both the settlement and judgment represent common damages.") (citation omitted), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).

For all of these reasons, the Court declines to enter a default judgment against Alpina and Toramall at this time. Plaintiff's motions for default judgment against Alpina and Toramall are denied without prejudice to renewal upon resolution of the case against the Litigating Defendants.

Any such renewed motion for default judgment shall include a memorandum of law in accordance with Local Rules 7.1 and 55.2(b).

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment against Alpina Investments, Inc., Dkt. No. 52, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's motion for default judgment against Mohan Toramall, Dkt. No. 56, is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 17, 2026

Elizabeth C. Coombe
U.S. District Judge

8